# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY A. MARSH-MATHIS,           )
                                )
       Plaintiff,              )   Civil Action No. 11-316 Erie
                                )
   v.                           )
                                )
HOMELAND SECURITY, et al.,      )
                                )
       Defendants.             )

## **MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., District Judge.

    Plaintiff, Mary A. Marsh-Mathis, a non-prisoner litigant proceeding *pro se*, filed a Motion for Leave to Proceed In Forma Pauperis on December 20, 2011. [ECF No. 1]. Attached to her Motion is a handwritten Complaint against sixteen (16) Defendants.[1] [ECF No. 1-1]. Plaintiff has also filed Motions for Writ of Mandamus and Motions for Leave to Amend. [ECF No. 2] - [ECF No. 5]. In these Motions, Plaintiff seeks undefined Mandamus relief, and seeks to amend her Complaint to add one hundred nineteen (119) Defendants.

    Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two step process. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3rd Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." *Id.* (citing *Sinwell v. Shapp*, 536 F.2d 15 (3rd Cir. 1976)); *Schneller v. Abel Home Care, Inc.*, 389 Fed. Appx. 90, 92 (3rd Cir. 2010), *cert. denied*, __ U.S. __, 131 S.Ct. 1477 (2011).

    Plaintiff has alleged that she has a total of .34 cents in the bank. [ECF No. 1] p. 1. Based on this averment, I find that she does not have the funds required to pay the costs and fees of this

---

[1] Named as Defendants are: Homeland Security; USA States-Pennsylvania; U.S. Federal Govt-Courts; United Nations; United Kingdom; NATO; NASA; Pentagon; U.S. Cabinet; U.S. Senate-Congress; Secret Service; CIA; FBI; U.S. Gen. Assembly-Delegates; Homeland Security-Erie; and All Allies. [ECF No. 1-1].

1

proceeding and her Motion for Leave to Proceed In Forma Pauperis will be granted. I shall now proceed to determine whether the Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).[2]

A complaint "is frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1993) (quoting *Neitzke*, 490 U.S. at 327-29). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. at 33.

It is apparent from this Court's review of the Complaint that the allegations are delusional and unintelligible. For example, Plaintiff alleges:

\* \* \*

5. On JULY 4, 1776, THE DECLARATION OF INDEPENDENCE WAS entered into a contract with the PLAINTIFF-U.S.A., PRIOR TO PLAINTIFF'S BIRTH ON "AUGUST 15, 1961" WHEREBY PLAINTIFF HAVING VESTED DUAL CITIZENSHIP, PRIVILEGES AND IMMUNITES TO "ALL" CONSTITUTIONAL PROVISIONS, U.S.T., TREATIES COVENANTS, INT'L PROTOCOLS AGREEMENTS, AND UNIVERSAL HUMAN RIGHTS – A

---

[2] Section 1915(e) states, in pertinent part:
    **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
\* \* \*
    **(B)** the action nor appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). This section applies to both prisoner and non-prisoner cases. *See, e.g. Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 n.19 (3rd Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); *Jayne v. Pike County Correctional Facility*, 2007 WL 2972579 at \*1 n.1 (M.D.Pa. 2007) (citing cases), *aff'd in part and rev'd in non-relevant part*, 345 Fed. Appx. 861 (3rd Cir. 2009); *Weimer v. Vanorsdale*, 2007 WL 1653623 at \*1 n.1 (W.D.Pa. 2007) (citing cases).

DECLARATION – PROCLAMATION OF THE UNION AND GENERAL ASSEMBLY:

6. DID CONSPIRE TO DEFRAUD SUITOR-DIPLOMAT OVER A 15 YR PERIOD "ALL" FORMS OF CONST., AND GOVT.;

7. DID DENY SUITOR-DIPLOMAT OVER A 15 YR "ALL" FORMS OF FEDERAL GOVT, - U.S.T. INT'L PROTOCOL UNN. RTS; DID COMMIT CALUMNY, TREASONS, TYRANNY, OPPRESSION, OFFICIAL OPPRESSIONS, COURT ORDERED GENOCIDES, TORTURE, TRADE SECRET INFRINGEMENTS, ABUSE OF INTELLECTUAL PROPERTIES; FORCED PEONAGE, SLAVERY, TRAFFICKING – POLITICAL HARDENING; AND "MASS DESTRUCTION" UPON SUITOR-DIPLOMAT "LIFE" "LIBERTIES" "FREEDOMS" "HAPPINESS" AND "ALL" ESTATES;

***

[ECF No. 1-1] Complaint p. 1.

Moreover, even the most liberal reading of the Plaintiff's Complaint reveals that it lacks an arguable basis in law. *Neitzke*, 490 U.S. at 325. Plaintiff invokes the Crime Victims' Rights Act as a basis for recovery. However, as this Court recently stated:

> The Crime Victims' Rights Act was enacted to afford crime victims with numerous rights in federal criminal cases, including the "right to be treated with fairness and respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). However, the Act expressly states that it shall not "be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person …" . 18 U.S.C. § 3771(d)(6). As such, courts have repeatedly held that Section 3771 does not authorize a private cause of action for damages. *See, e.g., Hill v. New York Post*, 2010 WL 2999795, *3 (S.D.N.Y. 2010) ("The CVRA does not afford a basis for this Court to exercise federal question jurisdiction over Hill's suit."); *Searcy v. Paletz*, 2007 WL 1875802, *2 (D.S.C. 2007) ("The Crime Victims' Rights Act … establishes certain rights of crime victims within the prosecutorial process against a criminal defendant…. Plaintiff may not use § 3771 as a mechanism to bring an action against Defendant directly."); *In re W.R. Huff Asset Management Co., LLC*, 409 F.3d 555, 564 (2nd Cir. 2005) ("[T]he CVRA does not grant victims any rights against individuals who have not been convicted of a crime."). …

*Lewen v. Edinboro University of Pennsylvania*, 2011 WL 4527348 at *5 (W.D.Pa. 2011). Accordingly, Plaintiff's Complaint will be dismissed as frivolous within the meaning of 28

U.S.C. § 1915(e)(2)(B)(i). All related motions filed by the Plaintiff will also be denied. Given the incoherent nature of the Plaintiff's pleadings, I will not afford her an opportunity to amend her Complaint since any such amendment, in my view, would be futile. *See Alston v. Parker*, 363 F.3d 229, 235-36 (3rd Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3rd Cir. 2002).

AND NOW, this 14th day of February, 2012, and for the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 1] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). IT IS FURTHER ORDERED that all pending motions are DENIED. The Clerk is directed to mark this case closed.

                                                   s/ Sean J. McLaughlin
                                                   United States District Judge

cm:    All parties of record